Robert Bernstein, M.D., F.A.C.P. Commissioner Texas Department of Health 1100 West 49th Street Austin, Texas 78756
Re: Availability under the Open Records Act of licenses issued by Department of Health relating to storage, incineration, processing or disposal of radioactive wastes
Dear Dr. Bernstein:
You have requested our opinion as to the availability under the Open Records Act, article 6252-17a, V.T.C.S., of certain license applications submitted to the Texas Department of Health. You explain that the department has received a request `for copies of any new license or amendments to existing licenses which relate to the storage, incineration, processing, or disposal of radioactive wastes.' You state that, except for balance sheets, you have made such information available to requestors in the past. You first ask whether only the balance sheets may be withheld under sections 3(a)(4) or 3(a)(10) of the Open Records Act. Those provisions except from disclosure:
 (4) information which, if released, would give advantage to competitors or bidders;
 (10) trade secrets and commercial or financial information obtained from a person and privileged or confidential by statute or judicial decision.
Section 3(a)(4) has been construed by this office on numerous occasions to apply only to bidding situations prior to the award of a contract. See Open Records Decision Nos. 319, 302 (1982); 255 (1980); 201 (1978). Section 3(a)(10) excepts information if disclosure is likely either `(1) to impair the government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained.' Open Records Decision Nos. 309 (1982); 292 (1981); 256 (1980). Release of a company's balance sheet will not impair the department's ability to obtain the information in the future, since article 44.30(b) of the Texas Regulations for Control of Radiation, promulgated under the authority of article 4590f, V.T.C.S., requires an applicant for a radioactive waste license to submit to the department information regarding its financial capability, including capitalization, revenues, value of assets, and extent of liabilities. Whether the second prong of the test is satisfied will depend upon the facts of each case.
You also ask whether you must treat a request for information as a continuing request. This office has said that the Open Records Act applies only to information in existence, and does not require a governmental body to prepare new information. Open Records Decision No. 342 (1982). Since the act requires a governmental body to furnish only information which is in existence at the time a request is made, we believe it follows that such request cannot be deemed a proper request for relevant information which may become available in the future. In our opinion, the act does not require a governmental body to treat a request for information as a continuing one.
 SUMMARY
The Open Records Act does not require a governmental body to treat a request for information as a continuing one. Whether balance sheets are excepted from disclosure depends upon the particular facts involved: they will be excepted from disclosure only if release would cause substantial harm to the competitive position of the person from whom the information was obtained.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General